Martin, J.
The question raised by the record is, Is Barker entitled to the estate by the curtesy? The solution of the question requires the construction of the 17th section of the statute of descents as amended March' 1, 1869 (66 Ohio L. 21; Rev. St., § 4176) which reads:
“ Section 17. Nothing in this act shall be so construed as to affect the right which any person may have to any estate by the curtesy or in' dower, in any estate of any deceased person; and surviving husbands, whether there be' issue born during the coverture or not, shall be entitled to the estate of their deceased wives by the curtesy, provided, however, that if any deceased wife shall leave issue or legal representative of such issue by a former marriage, her surviving husband shall not be entitled to an estate by the curtesy in the interest of such issue or the legal representa fives of such issue in her estate, unless the estate came to *418 the deceased wife by deed of gift from the surviving husband, or by devise or deed of gift from his ancestors.”
The chief contention is as to the meaning of the words “ the interests of such issue ” found in the proviso. It is claimed that they mean actual or vested interests, and that because the issue took no interest in the real estate curtesy is not excluded. The section provides curtesy for surviving husbands only; and is found in the act regulating descents. The pirrase in question, it seems to us, refers to such interests as the issue would have taken if the mother had died intestate. It is merely descriptive of the extent to which curtesy is excluded in cases falling within the proviso.
It is admitted that without a will the statute excludes him. The will in letter and spirit excludes him. And we cannot assent to the claim that he becomes entitled by the accidental circumstance of a devise to third persons.
Again, the proviso lifts from tbe general grant all cases where there are children by a former husband. Curtesy in the interests of such children is expressly excluded. But the exclusion goes no further. If there are children by the last marriage also, it attaches to their interests, thus partially returning to the theory of the common law which grounds the right on the legal duty of the father to support his children. Thus the .right is restricted and conditional upon the. fact of there being surviving children of tbe last marriage.
In tbe view we have taken, the question as to whether curtesy is limited to cases of the intestacy of the wife, need not be considered. It follows that Barker is nqt entitled to curtesy.

Judgments reversed.